UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KRISTINA HERBERT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00051-LEW |
| | ) | |
| TERRY DIKINS, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff filed a complaint in which she has failed to assert a federal claim. Plaintiff has also failed to file a completed application to proceed in forma pauperis or pay the filing fee.[1] I recommend the Court dismiss the complaint.

#### DISCUSSION

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). In this case, a review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

---

[1] Although Plaintiff filed the form application to proceed in forma pauperis, Plaintiff failed to provide any substantive information on the application. (Motion, ECF No. 3.) The Court, therefore, denied the motion. (Order, ECF No. 6.)

In addition, even if Plaintiff's complaint could be construed to allege a basis for a federal claim, courts have determined that a sua sponte dismissal prior to service of process on the named defendants when the complaint is frivolous or obviously lacks merit:

> Because [Plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A, permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.

*Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (internal citations omitted); *see also*, *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention"). A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the federal issues are not substantial. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as

to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").[2]

Here, Plaintiff has not alleged a substantial federal claim or otherwise asserted a claim within the Court's subject matter jurisdiction.  Dismissal, therefore, is warranted.[3]

### CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[2] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim, *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically sound"); *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law.  *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule.  It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

[3] Dismissal is also appropriate based on Plaintiff's failure to pay the filing fee or obtain leave to proceed in forma pauperis.  If Plaintiff had obtained leave to proceed in forma pauperis, Plaintiff's complaint would have been subject to a preliminary review in accordance with 28 U.S.C. § 1915.  Because Plaintiff has not alleged a claim within the Court's subject matter jurisdiction, dismissal would have been warranted following a preliminary review under § 1915.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of February, 2022.